1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAN GAZZANO, | ) Case No.: C 12-05742 PSG |
| Plaintiff, | ) |
| v. | ) **ORDER DENYING DEFENDANTS'** |
| | ) **MOTION FOR JUDGMENT ON THE** |
| STANFORD UNIVERSITY, SEIU HIGHER | ) **PLEADINGS, OR IN THE** |
| EDUCATION WORKERS LOCAL 2007, | ) **ALTERNATIVE FOR SUMMARY** |
| SERVICE EMPLOYEES INTERNATIONAL | ) **JUDGMENT AND GRANTING** |
| UNION, AND DOE 1 THROUGH DOE 10, | ) **PLAINTIFF'S REQUEST TO AMEND** |
| | ) **THE COMPLAINT** |
| Defendants. | ) **(Re: Docket Nos. 21, 24)** |

In this suit against his former employer, Stanford University ("Stanford") and union, SEIU

Higher Education Workers Local 2007 ("Local 2007"), Plaintiff Dan Gazzano ("Gazzano") asserts

a number of employment-related claims.   Of these claims, Gazzano asserts only two against the

Local 2007 – breach of the duty of fair representation and racial discrimination.  Local 2007 moves

for judgment on the pleadings, or in the alternative for summary judgment.  Gazzano does not

dispute Local 2007's arguments for dismissal, but does ask to file an amended complaint to correct

certain pleading defects.  Having considered the papers and arguments of counsel, the court

GRANTS-IN-PART Gazzano's request to amend the complaint and DENIES AS MOOT Local

2007's motion for judgment on the pleadings, or in the alternative for summary judgment.

1

# I.  BACKGROUND[1]

Gazzano was employed by Stanford as a groundskeeper.  Throughout the course of his employment at Stanford, Gazzano was an active member of Local 2007.

Jose Escanuela ("Escanuela"), another groundskeeper at Stanford, served as President of Local 2007.  In or around February 2010, after his felony conviction of embezzlement came to light, Escanuela resigned but continues to consult and advise with Local 2007's leadership. Gazzano tried to bring this fact to Stanford's attention by contacting Ombudsman David Rasch ("Rasch").  Rasch declined to report the matter further, and so Gazzano filed a letter with the U.S. Department of Labor to disqualify Escanuela from serving as an advisor or consultant for Local 2007 given his past history of embezzlement.  In January 2012, Stanford terminated Gazzano for allegedly using uncouth language.  Gazzano argues that his whistleblowing activity regarding Escanuela was a motivating factor in his termination.

Gazzano sought the assistance of Local 2007 in pursuing a grievance against Stanford.  At first, Local 2007 representative Stephen Cutty stated that Gazzano had a strong case.  Then, in July 2012, Local 2007 attorney Antonio Ruiz sent Gazzano a letter indicating that Gazzano's grievance was "unwinnable" and declined to further pursue arbitration.  Gazzano contends the true reason for Local 2007's failure to further represent Gazzano regarding his grievance was to retaliate against him for whistleblowing.

On October 9, 2012, Gazzano filed suit against Stanford and Local 2007, alleging: wrongful termination for whistleblowing; breach of duty of fair representation; disability discrimination; racial discrimination; violation of the California Family Rights Act ("CFRA"); failure to prevent discrimination, retaliation, and harassment; and retaliation.  On November 8, 2012, Local 2007 removed the case to this court.  On December 18, 2012, this court issued a case scheduling order, setting the deadline for joinder of additional parties and amendment to the pleadings at 60 days

---

[1] Unless otherwise noted, the facts are taken from the original complaint.  *See* Docket No. 1.

2

Case No.: 12-05742
ORDER

United States District Court
For the Northern District of California

1  after issuance of the order, or February 4, 2013.[2]  On February 4, 2013, Local 2007 moved for

2  judgment on the pleadings, or in the alternative, for summary judgment.  On February 19, 2013,

3  Gazzano responded in his opposition by seeking leave to amend and filing his proposed first

4  amended complaint.[3]

5          Discovery is scheduled to close on July 19, 2013, with trial set for November 4, 2013.[4]

6                              **II.  LEGAL STANDARDS**

7  **A.     Leave to Amend the Pleadings**

8          When a scheduling order has been issued with deadlines for amending the pleadings and

9  that deadline has passed, a plaintiff seeking leave to amend must comply with Fed. R. Civ. P.

10 16(b)(4).[5]  Rule 16(b)(4) requires the plaintiff to show "good cause."  The focus of the good cause

11 inquiry in this context is the party's diligence in pursuing modification, and in particular, whether

12 the party was "diligent in assisting the [c]ourt to create a workable schedule at the outset of

13 litigation," whether "the scheduling order imposes deadlines that have become unworkable

14 notwithstanding its diligent efforts to comply," and whether the party was "diligent in seeking the

15 amendment once it became apparent that extensions were necessary."[6]

16         If a plaintiff has successfully shown good cause, then pursuant to Fed. R. Civ. P. 15(a)(1), a

17 plaintiff "may amend its pleading once as a matter of course" within 21 days after serving the

18 complaint or, if a responsive pleading is required, within 21 days after service of a responsive

19 pleading or 21 days after service of a motion under Fed. R. Civ. P. 12(b), (e), or (f).  Any

---

[2] Because the end of the 60-day period falls on a Saturday, pursuant to Fed. R. Civ. P. 6(a) the deadline is extended to the following Monday.

[3] *See* Docket No. 24.

[4] *See* Docket No. 19.

[5] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[6] *Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012) (citing *Johnson*, 975 F.2d at 609).

3

Case No.: 12-05742
ORDER

subsequent amendments require "the opposing party's written consent or the court's leave."[7]  "The court should freely give leave when justice so requires."[8]  The Ninth Circuit has instructed that Rule 15(a) is "very liberal" and leave to amend should only be denied when the amendment: (1) "prejudices the opposing party"; (2) "is sought in bad faith"; (3) "produces undue delay in litigation"; or (4) "is futile."[9]

**B.     Judgment on the Pleadings**

A party may move for judgment on the pleadings, so long as the motion does not delay trial.[10]  The standard for granting judgment on the pleadings is similar to that of a Rule 12(b)(6) challenge – a court must determine whether the complaint "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11]  If, "accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, [then] the moving party is entitled to judgment as a matter of law."[12]  However, "[t]hreadbare recitals of the elements of the cause of action, supported by a mere conclusory statement, do not suffice."[13]

**C.     Summary Judgment**

Summary judgment requires an inquiry into evidence outside of the complaint.  Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14]  The moving party bears the initial burden of

---

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Id.*

[9] *Amerisource Bergen Corp. v. Dialysist West Co.*, 465 F.3d 946, 951 (9th Cir. 2006).

[10] *See* Fed. R. Civ. P. 12(c).

[11] *Chavez v. U.S.,* 683 F.3d 1102, 1108 (9th Cir. 2012).

[12] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[13] *Id.*

[14] Fed. R. Civ. P. 56(a).

Case No.: 12-05742
ORDER

United States District Court
For the Northern District of California

production by identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a triable issue of material fact.[15]  If, as here, the moving party is the defendant, he may do so in two ways: by proffering "affirmative evidence negating an element of the non-moving party's claim," or by showing the non-moving party has insufficient evidence to establish an "essential element of the non-moving party's claim."[16]  If met by the movant, the burden of production then shifts to the non-moving party, who must then provide specific facts showing a genuine issue of material fact.[17]  The ultimate burden of persuasion, however, remains on the moving party.[18]  In reviewing the record, the court must construe the evidence and the inferences to be drawn from the underlying evidence in the light most favorable to the non-moving party.[19]

## III. DISCUSSION

### A.    Whether Gazzano's Amended Complaint Should be Considered

The first question for the court is whether to permit the first amended complaint Gazzano proposes.  As noted earlier, because the court's scheduling order deadline for amending the pleadings and adding new parties has long since passed, the court must look to whether there is good cause under Rule 16(b) to warrant Gazzano's proposed amendment.[20]  The proposed first amended complaint differs in three main respects: (1) it adds a cause of action for breach of contract against Stanford; (2) it deletes the racial discrimination claim against Stanford and Local

---

[15] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[16] *Celotex Corp.*, 477 U.S. at 331.

[17] *See id.* at 330.

[18] *See id.*

[19] *See Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[20] *See Liberty Mut. Ins. Co. v. California Auto. Assigned Risk Plan*, Case No. 11-1419 MMC, 2012 WL 3277213, at *3 (N.D. Cal. Aug. 9, 2012).

Case No.: 12-05742
ORDER

2007 and the retaliation claim against Stanford; and (3) it adds plaintiff Brenda Carlsen ("Carlsen") to the lawsuit, asserting a new claim for loss of consortium against Local 2007.[21]   The court considers each of these proposed amendments in turn.

Regarding the cause of action for breach of contract, Local 2007 has argued that "[t]o prevail against the Union, the Plaintiff <u>must</u> prove a breach of contract by the employer."[22]   Local 2007 misunderstands both the state of Gazzano's complaint and the requirements of the law.  The rule implicated by Local 2007 governs hybrid section 301/fair representation claims against both the employer and the union, which is an interdependent combination of two claims aimed at both the employer's breach of contract and the union's breach of its duty.[23]   Such an action was created because generally, before an employee asserts a breach of the collective bargaining agreement against his employer, he must first "exhaust any grievance or arbitration remedies provided in the collective bargaining agreement."[24]   But if the employee's union has unreasonably refused to represent him through the grievance process, the employee will not be able to satisfy this requirement.[25]   The hybrid section 301/fair representation claim was created to address this unfair result.[26]   In the instant case, however, Gazzano has only asserted breach of the duty of fair representation and a myriad of discrimination claims against both the union and the employer, but not breach of the collective bargaining agreement against the employer.  Thus, there is currently no hybrid section 301/fair representation claim at play.

---

[21] *See* Docket No. 27.

[22] *See* Docket No. 25 at 3 (citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164-65 (1983)).

[23] *See DelCostello*, 462 U.S. at 163.

[24] *Id.*

[25] *See id.*

[26] *See id.*

6

Case No.: 12-05742
ORDER

Local 2007 is mistaken in suggesting that a suit for breach of duty of fair representation against the union, standing alone, requires proof of a breach of contract by the employer.  Under such circumstances, the plaintiff is only required to demonstrate that the union acted in a "discriminatory, dishonest, arbitrary, or perfunctory fashion."[27]  Although the Supreme Court in *DelCostello* stated that when brought together, "the two claims are inextricably interdependent" and that "[t]o prevail against either the company or the Union… [employee plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union," the Supreme Court clarified a few years later in *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6* that these were practical considerations rather than requirements.[28]  In *Breininger,* the Supreme Court stressed that the merits of adjudicating claims against the employer as well as the union in the same proceeding "in no way implies, however, that a fair representation action *requires* a concomitant claim against an employer for breach of contract… we have never required a fair representation plaintiff to allege that his *employer* breached the agreement in order to prevail."[29]

While the case law is clear that Gazzano is not required to assert a breach of contract claim against his former employer, it appears, however, that Gazzano has responded to Local 2007's argument by attempting to restructure his suit as a hybrid section 301/fair representation claim. The proposed breach of contract claim does not introduce new facts, but relies on the same allegations in the claim against Stanford for termination in violation of public policy for whistleblowing against Escanuela, present in both versions of the complaint.  Gazzano sought amendment shortly after he discovered his failure to specifically plead breach of contract against Stanford, which does not suggest any lack of diligence.

---

[27] *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).

[28] 493 U.S. 67, 80 (1989).

[29] *Id.*

Case No.: 12-05742
ORDER

The next step of the court's inquiry is whether amendment should be allowed under Rule 15(a). It does not appear that Stanford will be prejudiced, nor does it appear that this action will unduly delay litigation. As noted earlier, the proposed amendment provides no new facts, and so Stanford and Local 2007 had fair notice of the substance of Gazzano's claims. Moreover, the amendment would also allow the court to efficiently adjudicate both claims in the same proceeding, which necessarily involve many of the same determinations "inextricably interdependent."[30] As the breach of contract claim may be barred by res judicata if not brought along with Gazzano's other claims against Stanford, the interests of justice also weigh in favor of allowing amendment.

As for Gazzano's racial discrimination and retaliation claims against Stanford and Local 2007, Gazzano's deletion of these claims from his proposed first amended complaint shows he does not wish to pursue these further.[31] The court accepts Gazzano's voluntary withdrawal of these claims.

Finally, Gazzano seeks to add his spouse, Carlsen, as a plaintiff to the suit to assert loss of consortium against Local 2007. In contrast to his amendment to add a breach of contract claim against Stanford, Gazzano does not provide any reasons for this late amendment, and so on that basis alone the court finds that Gazzano has not shown the diligence necessary to establish good cause. Additionally, the loss of consortium claim is based on his employment and representation-based claims against Stanford and Local 2007, which should have been apparent to Gazzano at the time he filed his complaint.

Even if Gazzano had been diligent, under the Rule 15(a) inquiry, any amendment of this claim would be futile. Under California law, loss of consortium allows a spouse to recover for loss

---

[30] *DelCostello*, 462 U.S. at 164.

[31] *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that claims voluntarily omitted from the amended complaint are deemed waived).

Case No.: 12-05742
ORDER

of "companionship, emotional support, love, felicity, and sexual relations caused by a negligent or intentional injury to the other spouse by a third party."[32]   As Local 2007 notes, in his loss of consortium claim Gazzano only alleges "injury" stemming from Stanford's termination of the plaintiff and the union's subsequent handling of his grievance.   It is well-established that such common-law employment-based claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA").   Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."[33]   The Supreme Court has interpreted this provision as "authoriz[ing] federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements."[34]   Thus, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement," the state-law claim is preempted.[35]   Here, the question of whether Gazzano and his spouse were harmed depends on his breach of contract and breach of duty of fair representation claims, which require interpretation of the collective bargaining agreement.   His claim is therefore preempted, and so amendment would be futile.

**B.     Judgment on the Pleadings and Summary Judgment**

As the court has permitted limited amendment of the complaint, Local 2007's motion for judgment on the pleadings and summary judgment based on the original complaint are now moot.

---

[32] *Anderson v. Northrop Corp.*, 203 Cal. App. 3d 772, 780 (Ct. App. 1988) (internal citations omitted).

[33] 29 U.S.C. § 185.

[34] *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988) (internal quotations omitted).

[35] *Id.*

9

Case No.: 12-05742
ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

## IV. CONCLUSION

Gazzano's request to amend the pleadings is GRANTED as to his breach of contract claim against Stanford, GRANTED as to removing the racial discrimination and retaliation claims, and DENIED as to his loss of consortium claim and to his addition of Brenda Carlsen as a plaintiff. Local 2007's motion for judgment on the pleadings, or in the alternative summary judgment, is DENIED AS MOOT. Gazzano shall file an amended pleading reflecting these changes within seven days of the issuance of this order.

IT IS SO ORDERED.

Dated: May 31, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 12-05742
ORDER