UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAN GAZZANO,<br><br>                Plaintiff,<br>     v.<br><br>STANFORD UNIVERSITY, SEIU HIGHER EDUCATION WORKERS LOCAL 2007, SERVICE EMPLOYEES INTERNATIONAL UNION,<br><br>                Defendants. | Case No.: C 12-05742 PSG<br><br>**ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER**<br><br>**(Re: Docket Nos. 53, 55)** |

Before the court is Plaintiff Dan Gazzano's ("Gazzano") motion to compel discovery and a companion motion by Defendant Stanford University ("Stanford") for a protective order. Both motions focus on whether and as to what subjects Gazzano may depose Stanford ombudsman David Rasch ("Rasch"). The parties appeared for hearing yesterday.

An observer of the court's docket will see that this is not the first time the parties have wrestled with the appropriate scope of discovery from Rasch. The parties previously disputed whether an ombudsman privilege applied to communications between Gazzano and Rasch, and whether Stanford had to produce documents related to pre-2011 grievances. In an order dated June 20, 2013, the court held that Gazzano had failed to establish the relevance of information concerning grievances and underlying incidents at Stanford occurring pre-2011 because his

1

Case No.: 12-05742
ORDER

complaint did not allege he was fired in 2012 due to those incidents.[1] The court also declined to recognize a broad federal ombudsman privilege analogous to the one recognized under California state law, highlighting Gazzano's representation that he sought discovery of only his own communications with Rasch.[2] At a hearing on July 2, 2013, the court reiterated that there was to be no further discovery regarding Gazzano's grievances and underlying events predating 2011.[3]

The present set of motions deals with similar, but not identical issues. As an initial motion, Stanford again resurrects its ombudsman privilege defense to shield Rasch's communications, without seeking leave for reconsideration pursuant to Civ. L.R. 7-9. As the court has already decided this issue, it will be brief in again declining to recognize such a privilege. Turning to the discovery Gazzano seeks this time, he now requests a deposition of Rasch regarding his 2010 conversations expressing his intent to report Jose Escanuela ("Escanuela"), former president of Local 2007, for continued involvement with the union despite his embezzlement conviction. Gazzano eventually did report Escanuela to the Department of Labor, which allegedly led to Gazzano's 2012 termination.[4] Unlike in the parties' previous discovery dispute, even though the discovery sought by Gazzano here may predate 2011, they are relevant to the whistleblower theory central to his complaint.

The court nevertheless finds good cause to limit Rasch's deposition to only Gazzano's own communications with Rasch about Escanuela. While Gazzano suggests that Rasch also should testify about his creation and preservation of written communications, or lack thereof, from that

---

[1] *See* Docket No. 43.

[2] *See id.* at 6.

[3] *See* Docket No. 48.

[4] *See* Docket No. 41 ¶¶ 9-10.

2

Case No.: 12-05742
ORDER

time period, Gazzano has not offered anything beyond pure speculation that this exercise will prove productive. The burden on Rasch and Stanford outweighs the benefit to Gazzano.[5]

IT IS SO ORDERED.

Dated: September 4, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[5] *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Case No.: 12-05742
ORDER

3